IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION
_____

| | | |
|---|---|---|
| WAYNE A. HUSSAR, | ) | Cause No. CV 11-7-H-DWM-RKS |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| MIKE MAHONEY, | ) | |
| | ) | |
| Respondent. | ) | |

_____

On February 8, 2011, the Court received documents from Wayne Hussar. He appears to seek both release from prison and money damages for wrongful incarceration. For lack of a better option, the Clerk filed the letter as a petition for writ of habeas corpus under 28 U.S.C. § 2254. Hussar was ordered to clarify whether he intended to proceed with a habeas petition, a civil complaint, or both, and was provided forms.

On March 2, 2011, Hussar filed both a civil complaint and an amended petition. This case deals only with the habeas petition.

Hussar alleges that he was arrested by his probation officer on a charge the officer knew to be false. After his arrest, Hussar was charged in federal court with

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 1

possession of firearms and ammunition and possession of a firearm with an altered or obliterated serial number. Am. Pet. (doc. 7) at 3 ¶ 15A; see also Indictment (doc. 1) at 1-3, United States v. Hussar, No. CR 10-06-H-DWM (D. Mont. Mar. 17, 2010). The federal charges were later dismissed. Order (doc. 14), Hussar, No. CR 10-06-H (D. Mont. Oct. 8, 2010). Hussar alleges the federal charges were dismissed because his probation officer committed perjury. Liberally construing his petition, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); United States v. Seesing, 234 F.3d 456, 462 (9th Cir. 2000), Hussar contends that the revocation of his probation and the resulting term of imprisonment should be vacated, and he should be released, because he would not be in prison now were it not for his probation officer's false statements.

The exhibits attached to Hussar's original petition show that he pled guilty to criminal endangerment. On January 15, 2009, imposition of sentence was deferred for two years, conditioned on Hussar's compliance with certain conditions of supervision. Judgment, State v. Hussar, No. CDC 1008-461 (Mont. 1st Jud. Dist. Jan. 15, 2009) (Pet. Ex. (doc. 1-1) at 7-11). On October 2, 2009, his probation officer filed an addendum to a mid-August report, see Pet. Ex. at 17, of Hussar's violations of his conditional release. Hussar admitted that he violated the conditions of his release by possessing alcohol, failing to report as directed to his probation officer, violating a municipal ordinance by setting off fireworks within city limits, and using marijuana.

Id. at 20-21.  In addition, his "adjustment to supervision" was deemed "poor," because he "sporadically attended anger management, has yet to enroll in chemical dependency counseling despite frequent urging by his supervising officer," and "failed to follow through with the sanctions imposed at his intervention hearing" in July 2009. Id. at 20.  Hussar disagrees with some of these characterizations, id., but he does not describe them as "dropped," as he does other alleged violations.

On October 29, 2009, Hussar admitted some allegations and denied others.  He also presented "an acknowledgment of waiver of rights by admissions to petition to revoke."  Judgment at 1, State v. Hussar, No. CDC 2008-461 (Mont. 1st Jud. Dist. Dec. 22, 2009) (Pet. Ex. at 24).  The state trial court found that Hussar violated the terms of his deferred sentence.  Id. (Pet. Ex. at 24).  On December 21, 2009, the previously deferred sentence was imposed, and Hussar was committed to the custody of the Department of Corrections for three years.  Id. (Pet. Ex. at 25).

Hussar's own exhibits prove that his current incarceration is *not* based on the charge that he possessed a firearm and ammunition on October 1, 2009.  Pet. Ex. at 18.  He is in prison because he violated other conditions of his release.  The Amended Petition should be denied on the merits.

A certificate of appealability should be denied because Hussar has shown that his constitutional rights were not violated, 28 U.S.C. § 2253(c)(2), and there is no

reason to encourage further proceedings, Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

Based on the foregoing, the Court enters the following:

### RECOMMENDATION

1.  The Amended Petition (doc. 7) should be DENIED on the merits.

2.  The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3.  A certificate of appealability should be DENIED.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing.  A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Hussar must immediately advise the Court of any change in his mailing address

by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

DATED this 8th day of March, 2011.

                                        /s/ Keith Strong
                                        Keith Strong
                                        United States Magistrate Judge